IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                     **CAUSE NO. 1:15-cr-68-LG-RHW-1**

**EDUARDO GUILLERMO DIAZ**

### ORDER DENYING MOTION FOR TERMINATION OF SUPERVISED RELEASE

**BEFORE THE COURT** is the [43] Motion for Early Release from Supervised Release filed by the defendant, Eduardo Guillermo Diaz, pursuant to 18 U.S.C. § 3583(e)(1). For the reasons set forth below, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

On March 22, 2016, Defendant entered a plea of guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. On June 22, 2016, the Court sentenced him to 70 months' imprisonment, three years' supervised release, a fine in the amount of $15,000.00 with interest imposed, and restitution in the amount of $641,435.88 with interest imposed, and a special assessment of $100.00. (J., ECF No. 40). Defendant has since been released to supervised release.

Defendant now seeks early termination of his term of supervised release under 18 U.S.C. § 3583(e)(1). (*See generally* Mot. Early Release, ECF No. 43). He submits that his "actions from the date of [his] arrest through today show that [he] will remain a lawful, productive, and contributing member of society for the rest of [his] life." (*Id.* ¶ 6). He represents that he "never received a disciplinary incident

from the BOP" and has demonstrated a low risk of recidivism. (*Id.* ¶ 7). He also reports that he has successfully transitioned into family life, taking care of his wife, children and grandchild in various matters. (*Id.* ¶ 8). He stresses his compliance with the terms of his supervised release, including timely making restitution payments. (*Id.* ¶¶ 9-10).

As for his purpose in seeking early termination of supervised release, Defendant states: "My primary reason for filing my motion with the Court is that I would like to be more employable to the companies I have applied, both as an employee or as a consultant, allowing me to earn additional money beyond my Social Security, therefore to pay a larger amount each month to the victims and pay off my restitution sooner." (*Id.* ¶ 11). He argues that maintaining supervised release "will not . . . dramatically change[ ]" his life but "will continue to impact my victims negatively." (*Id.*). He claims that he has experienced stigma in the hiring process due to his supervised release status, and that self-employment has also been difficult for the same reason. (*Id.* ¶¶ 12-14).

## DISCUSSION

18 U.S.C. § 3583(e)(1) provides courts with authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The statute also requires the Court to consider the factors set forth in 18 U.S.C. § 3553. These factors "take into account a variety of considerations, including the nature of

the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). "Courts have generally held that something more than compliance with the terms of [supervised release] is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Arledge*, No. 5:06-CR-18-DCB-JCS, 2015 WL 3504845, at *1 (S.D. Miss. June 3, 2015) (internal citation and quotation marks omitted).

Although the Court commends Defendant's personal growth and reported efforts toward obtaining employment, he has not demonstrated any change of circumstances or exceptionally good behavior justifying early termination of his supervised release. He has merely complied with the terms of supervised release.

As for the Section 3553 factors, these include the nature and circumstances of the offense and the history of the defendant. The Court may also consider the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed education, training, and treatment. Here, Defendant has already benefited from a sentence imposed below the guideline range. The severity of the financial offense committed by Defendant was exacerbated by the amount of monetary loss, the sophisticated means whereby he committed it, the vulnerability of his victims, and the hardship he caused to them. (Presentence Investigation Report (PSR) ¶¶ 71-82, ECF No. 32).

The Court's desire to deter similar conduct in the future weighs against early termination of supervised release.

Further, Defendant still owes a hefty balance on his restitution payments, and he only has less than a year remaining on his supervised release. Among the § 3553 factors are "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), and Defendant has emphasized this particular interest. However, although the Court approves of Defendant's assumed generosity towards his victims, supervised release serves as an assurance that Defendant is in fact taking steps to make the required payments. Therefore, it would not be appropriate to grant the relief he requests at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [43] Motion for Early Release from Supervised Release filed by Eduardo Guillermo Diaz is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of July, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE